UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20578-CR-SEITZ/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LARRY CHANCELLOR,

    Defendant.
_____/

### ORDER (1) AFFIRMING, IN PART, THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND (2) SETTING HEARING FOR MARCH 7, 2008

THIS CAUSE comes before the Court upon the Report and Recommendation of the Honorable Chris M. McAliley, United States Magistrate Judge, dated February 8, 2008 [DE-72] ("the Report"), on Defendant Larry Chancellor's Motion to Suppress Evidence [DE-19] and his Supplement to that Motion [DE-51, 52]. Defendant seeks to suppress: (1) a post-arrest statement given to agents of the Bureau of Alcohol Tobacco and Firearms ("ATF") on the ground that he did not knowingly and intelligently waive his *Miranda* rights; and (2) evidence of a gun that was seized at the time of his arrest on the ground that the arrest was illegal. After holding a evidentiary hearing on the motion, Magistrate Judge McAliley recommended that the Court grant Defendant's motion as to the post-arrest statement and deny Defendant's motion as to the gun.

The Court has carefully reviewed, *de novo,* Magistrate Judge McAliley's Report and Recommendation, the transcript of the evidentiary hearing, objections filed by Defendant [DE-82] as to the recommendation that evidence of the gun be admitted, and the response to Defendant's objections filed by the Government [DE-98]. For the reasons set forth below, the Court adopts, in part, the Recommendation of the Magistrate Judge and denies Defendant's motion as to evidence of the gun. The parties will appear before the Court on **March 7, 2008,** for hearing on Defendant's motion as to his post-arrest statement.

1

**FINDINGS OF FACT**

The Report thoroughly sets forth the facts of this case that are relevant to Defendant's motions as to evidence of the gun. The Court adopts these findings of fact in full.[1]

**THE GUN WAS FOUND AFTER A LAWFUL ARREST BASED ON PROBABLE CAUSE**

Based on testimony from defense witnesses, the arresting officer, Officer Sutherland, and numerous photographs from the scene of the arrest, Magistrate Judge McAliley recommended that Defendant's motion to suppress evidence of the gun be denied. Defendant raises three objections to the Report, arguing: (1) Magistrate Judge McAliley based her recommendation solely upon Officer Sutherland's testimony; (2) Officer Sutherland's testimony was inconsistent; and (3) Officer Sutherland lacked reasonable basis probable cause to arrest Defendant. Defendant presents no new evidence with his Objections.

The Government's Response to Defendant's objections [DE-98] concisely addresses why Defendant's objections fail. As to Defendant's first objection, the Government notes that Magistrate Judge McAliley also considered the testimony of defense witnesses Danyale Manuel nor Jasmin Chatfield. The witnesses' testimony demonstrates that neither woman was outside when Officer Sutherland approached Defendant and neither could see whether a drug transaction took place. Their testimony did not rebut that of Officer Sutherland's that he witnessed Defendant engage in a hand-to-hand drug transaction and that Defendant and the other party to the transaction gave him the drugs and the money involved. As such, Defendant's first objection to the Report fails.

In his second objection, Defendant claims there are "inconsistencies" in Officer Sutherland's testimony. Neither the address nor times listed in Officer Sutherland's report are relevant to whether Officer Sutherland's had probable cause to arrest Defendant; minor errors in recording a street or half

---

[1] The findings of fact are adopted with the notation that the evidentiary hearing mentioned on page 2 of the Report took place on January 14, 2008, not 2007.

street or the exact minute an event took place do not change the fact Officer Sutherland witnessed the hand-to-hand drug transaction. As such, Defendant's second objection to the Report fails.

In his third objection, Defendant claims Officer Sutherland "lacked reasonable basis" for stopping him. The record reflects that Officer Sutherland had ample time to witness the hand-to-hand drug transaction and that, upon Officer Sutherland's directive, Defendant produced the money and drugs he had on his person at the time of arrest. Under these circumstances, Officer Sutherland had probable cause to arrest Defendant. As such, Defendant's third objection to the Report fails.

In sum, after witnessing the drug transaction and with the drugs and money in hand, Officer Sutherland had probable cause to arrest Defendant. Following this legal arrest, the gun at issue fell to the ground in plain view of Officer Sutherland. Under these circumstances, there is no reason to exclude the gun from evidence. *Horton v. California,* 496 U.S. 128, 136-37 (1990). Accordingly, it is hereby

ORDERED that:

(1) The above-mentioned Report and Recommendation of Magistrate Judge McAliley [DE-72] is AFFIRMED, in part. Defendant Larry Chancellor's Motion to Suppress Evidence (evidence of the gun) [DE-51, 52] is DENIED; and

(2) The parties shall appear for hearing before the Court to address Defendant Larry Chancellor's Motion to Suppress Evidence (his post-arrest statement) [DE-19] and the related additional evidence the Government filed with its Objections to the Report [DE-76] on **Friday, March 7, 2008, at 9:00 a.m.** The hearing will be held at the United States District Court, 301 North Miami Avenue, 5th Floor Courtroom, Miami, Florida 33128.

DONE and ORDERED in Miami, Florida, this 6th day of March, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record
      Magistrate Judge Chris M. McAliley

3