UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20578-Cr-SEITZ/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LARRY EUGENE CHANCELLOR,

    Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States for entry of a preliminary order of forfeiture. Being fully advised in the premises and based on the motion of the United States and the record in this matter and for good cause shown thereby, the Court finds as follows with respect to forfeiture in this action as to defendant LARRY EUGENE CHANCELLOR (hereinafter referred to as "defendant"):

    1.  In the Indictment in the above-styled case, the government sought forfeiture of the defendant's interest in any property constituting or derived from any proceeds the defendant obtained directly or indirectly as the result of the violation(s) of 21 U.S.C. § 841 and any property used or intended to be used in any manner or part to commit and to facilitate the commission of such violation; and any firearm and ammunition involved in or used in the commission of any knowing violation of 18 U.S.C. § 922(g) which was seized from the possession and or control of the defendant or in which defendant otherwise has an interest, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1) including:

   a. one Colt .45 semi-automatic pistol, model M1911A1 (S/N 877657); and
   b. approximately to (10) rounds of federal, .45 caliber ammunition.

   2. On March 7, 2008, defendant entered a plea of guilty to Counts 1, 2 and 5 of the Indictment and the violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1) and agreed to forfeit all of his right, title and interest in the above referenced property which is subject to forfeiture pursuant to 21 U.S.C. § 853 as property constituting and derived from proceeds the defendant obtained, directly or indirectly, as the result of unlawful drug activity and was used or intended to be used, in any manner or part, to commit or to facilitate the commission of unlawful activity and 18 U.S.C. § 924(d)(1) as property involved or used in any knowing violation to the United States.

   Therefore, in consideration of the Plea Agreement between the defendant and the United States, and upon motion of the United States and for good cause shown thereby, it is hereby:

   ORDERED that,

   1. All right, title and interest of defendant LARRY EUGENE CHANCELLOR in the following property is hereby forfeited to the United States of America pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1), as incorporated by 28 U.S.C. § 2461:

   a. one Colt .45 semi-automatic pistol, model M1911A1 (S/N 877657); and
   b. approximately to (10) rounds of federal, .45 caliber ammunition.

   2. The Bureau of Alcohol, Tobacco, Firearms and Explosives, or any duly authorized law enforcement official, shall seize and take

2

custody of the property identified herein above as forfeited under this order pursuant to 21 U.S.C. § 853(g).

3. The United States shall cause to be published at least once, in a newspaper of general circulation, notice of this Order as required by 21 U.S.C. § 853(n). The United States shall state in the notice that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the notice that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

4. The United States shall provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property that is subject of the Order of Forfeiture, in addition to the published notice.

5. The United States is further authorized, pursuant to 21 U.S.C. § 853(m) and Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property ordered forfeited herein or in order to expedite ancillary proceedings related to any third party petition claims filed with respect to the forfeited property.

6. Pursuant to Fed.R.Crim.P.32.2(b)(3), this preliminary order of forfeiture is final as to the defendant's right, title, claim and interest in the property and has been made part of the sentence and included in the judgment.

It is further ORDERED,

That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then, pursuant to 21 U.S.C. § 853(n)(7), this Order shall be deemed a final order of forfeiture, and the Bureau of Alcohol, Tobacco, Firearms and Explosives, or any duly authorized law enforcement official, shall dispose of the property forfeited hereunder according to law.

DONE AND ORDERED in chambers at Miami, Florida this 14th day of April 2008.

/s/ Patricia A. Seitz
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: AUSA Barbara Papademetriou (2 certified copies)

4